## AGREEMENT AND RELEASE

THIS RELEASE is hereby entered into on this the 16th day of July, 2007, by and between Sean van der Wilt ("Artist") and Soneet Kapila as Chapter 11 Bankruptcy Trustee ("Trustee") for Trans-Continental Records, Inc./Trans-Continental Publishing, Inc., Trans-Continental Management, Inc., and any other Trans-Continental entity (collectively "Company").

### RECITALS

**WHEREAS**, Artist entered into a Management Agreement on July 11, 2003, whereby Artist engaged Company as Artist's exclusive personal manager; and

**WHEREAS**, Artist entered into a Recording/Co-Publishing Agreement on May 31, 2004, whereby Artist agreed to provide exclusive recording services to Company and assigned, transferred and conveyed to Company 50% interest in Artist's copyright ownership in certain compositions ("Subject Compositions"); and

**WHEREAS**, Company is unable to perform any of the obligations of the Management and Recording/Co-Publishing Agreements (collectively, the "Agreements") as a result of the Company's Chapter 11 bankruptcy; and

**WHEREAS**, Artist and Company entered into a Letter of Agreement dated May 17, 2007 allowing Company sixty (60) days to investigate the potential value of the Agreements and whether to accept or reject the Agreements;

**THEREFORE**, in consideration of the mutual covenants and promised contained herein, the parties agree as follows:

1.  **TERMINATION OF AGREEMENTS**: The Terms of the Agreements between Artist and Company shall be and hereby are terminated effective as of July 15, 2007.

2.  **RELEASE OF OBLIGATIONS**:

    (a) Artist on the one hand and Company on the other hand forever mutually release and discharge each other from any and all claims, demands, debts, damages, liabilities, actions,



1

causes of action, suits, sums of money, and accounts which any party may not have or has had against the other, his heirs, successors or assigns, arising from the connections or relationships between the parties, other than obligations set forth in this Agreement.

(b) Company hereby releases Artist from any continuing obligations owed by Artist to Company.  As of July 15, 2007, Artist shall have no further obligation to record, produce or deliver recordings to Company, and Company shall have no further obligation to Artist under the Agreements including, without limitation, to accept, release or pay for such recordings, or to manage Artist's professional career.  Moreover, as a result of the Chapter 11 Bankruptcy of various Trans-Continental entities, Company agrees that it is unable to perform any of the obligations contained within the Agreements, and as such, the Trustee rejects the Agreements on behalf of Company pursuant to 11 U.S.C. § 365(d)(3).

3.  **REVERSION OF COPYRIGHTS**: Any copyright interest that Artist previously conveyed to Company as part of the Co-Publishing Agreement is hereby reverted to Artist.  The Subject Compositions are contained in Exhibit A to this Agreement.  Any royalty payments owed to Artist for monies collected by Company through July 15, 2007 will be remitted to Artist, along with an accounting statement, within 30 days of collection of said monies pursuant to the terms of the Co-Publishing Agreement.  Company shall have no further right to collect any monies relating to the publishing of the Subject Recordings after July 15, 2007.  Trustee agrees to cooperate with Artist's representatives in executing any necessary paperwork regarding the reversion of said copyrights.

4. **SURVIVAL OF OBLIGATIONS**: Nothing contained in this agreement shall affect those obligations that survive the termination or expiration of the Terms of the Agreements including, without limitation, warranties, indemnities, payment of royalties, and audit rights.

5. **ACCORD AND SATISFACTION**: By entering into this Agreement, it is the mutual intention of the parties that this Agreement shall be effective as a full and final accord and satisfaction of all matters arising out of Artist's obligations as an exclusive recording artist, songwriter, and performer for Company. Any and all other agreements between the parties are terminated and superseded by this Agreement.

6. **WARRANTIES AND REPRESENTATIONS**: Each party warrants that each has the right and power to enter into and fully perform pursuant to the terms of this Agreement.

7. **MISCELLANEOUS**: This Agreement sets forth the entire agreement between the parties with respect to the subject matter hereof. The parties acknowledge that neither has executed this Agreement in reliance on any promise, representation or warranty not contained herein. This Agreement may not be modified except by an instrument in writing, signed by all of the parties hereto. No waiver of any provision or any default by either party under this agreement shall affect such party's rights thereafter. Should any provision of this Agreement be adjudicated by a court of competent jurisdiction as void, invalid or inoperative, such decision shall not affect any other provision hereof, and the remainder of this agreement shall be effective as though such void, invalid or inoperative provision had not been contained herein. This Agreement shall be deemed to have been written jointly by the parties. Ambiguities shall not be construed against the interest of either party by reason of such party's having drafted all or part of this Agreement. This Agreement shall become effective on July 16, 2007. This Agreement shall be construed in accordance with the laws of the State of Florida applicable to agreements wholly to be performed therein. Each party agrees to submit itself to the jurisdiction of the federal or state courts located in Orlando, Orange County, in any action which may arise out of this Agreement and the Agreements and such courts shall have exclusive jurisdiction over all

disputes between the parties pertaining to this Agreement and the Agreements and all matters related hereto or thereto.  Each party hereby acknowledges that it has had the opportunity to seek the advice of legal counsel before executing this agreement.

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement as of the day and year first written above.  The parties hereto agree that counter-signed copies and/or facsimile signatures shall be as effective as if originals.

Trans-Continental Records, Inc.

By:    _____
       Soneet Kapila
       *Chapter 11 Bankruptcy Trustee for*
       *Trans-Continental Records, Inc.*

Trans-Continental Management, Inc.

By:    _____
       Soneet Kapila
       *Chapter 11 Bankruptcy Trustee for*
       *Trans-Continental Management, Inc.*

Louis J. Pearlman

By:    _____
       Soneet Kapila
       *Chapter 11 Bankruptcy Trustee for*
       *Louis J. Pearlman*

Sean van der Wilt

By:    _____
       Sean van der Wilt

## EXHIBIT A
## "SUBJECT COMPOSITIONS"

1. She's My Everything

2. When I'm With You

3. Runaway

4. Way That You Want Me

5. Pulse

6. Bring It On