IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| In Re: | Louis J. Pearlman | ) | Case No. 6:07-bk-00761-ABB |
|---|---|---|---|
| | Trans-Continental Records, Inc. | ) | Case No. 6:07-bk-00832-ABB |
| | Louis J. Pearlman Enterprises, Inc. | ) | Case No. 6:07-bk-01505-ABB |
| | | ) | |
| | | ) | Chapter 11 |
| | Debtors | ) | Judge Briskman |

**MOTION TO COMPEL THE DEBTORS TO ASSUME OR REJECT RECORDING CONTRACT; TO COMPEL DEBTORS' PERFORMANCE PENDING ASSUMPTION OR REJECTION; TO COMPEL DEBTORS' PERFORMANCE UNDER 11 U.S.C. § 365(d)(3)**

Comes now **AARON CARTER** (hereinafter referred to as "Artist"), by and through his undersigned counsel, and moves this Court to compel Debtors **LOUIS J. PEARLMAN** (hereinafter "Pearlman"), **TRANS-CONTINENTAL RECORDS, INC.** (hereinafter "Trans Con"), and **LOUIS J. PEARLMAN ENTERPRISES, INC.** (hereinafter "LJPE"), (collectively referred to hereinafter as the "Debtors"), to assume or reject the recording contract ("Contract") which was executed by the Debtors; to compel the Debtors' performance of their obligations under the Contract pending their assumption or rejection; and to compel the Debtors' performance under 11 U.S.C. § 365(d)(3). In support of this motion, the Artist would show the following:

1. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2. On or about March 1, 2007, a Chapter 11 Involuntary Petition was filed against the Debtors, Louis J. Pearlman and Trans-Continental Records, Inc., and on or about April 18, 2007, a Chapter 11 Involuntary Petition was filed against the Debtor, Louis J. Pearlman Enterprises, Inc., in the United States Bankruptcy Court in the Middle District of Florida.

3. The Debtors entered into an exclusive recording contract with Artist on December 7, 2004. A true and correct copy is attached hereto as <u>Exhibit A</u>.

4. The Debtors are obligated to the Artist under the Contract dated December 7, 2004 between the Debtors and the Artist.

5. At the time that the Artist executed the recording contract, the Artist was a minor.

6. Fla. Stat. § 743 requires, among other things, that in order for Florida courts to remove the nonage disability of a minor to enter contracts, certain protections are available to the minor, including, but not limited to:

    a. no contract with the minor to exceed three years;
    b. the minor shall have a guardian ad litem appointed by the court;
    c. the minor, parental or legal guardian, and the guardian ad litem appear in court as a procedural safeguard for the minor's best interest;
    d. a guardianship plan be approved by the court to set aside the minor's earnings.

7. The term of the Contract was one (1) year with six (6) consecutive options for a total of seven (7) years. The Contract required Artist to pay Debtor Trans Con unconscionable royalty rates far exceeding industry standards, i.e. fifty percent (50%) of Artist's net advances and royalties, among other things.

8. The Contract provides at Paragraph 13(b) that provisions requiring the Debtors to provide accountings may be held enforceable, notwithstanding a finding of invalidity of provisions requiring Artist's performance, or the termination of the Contract.

9. The effect of the Contract was expressly conditioned "upon and subject to the approval of the state courts of Florida having jurisdiction in the premises," at Paragraph 10(n) of the contract, which additionally stated that Artist was not a resident of the State of California.

10. The Contract provides at Paragraph 13(a) that the Contract was entered into in the State of Florida and that its validity, interpretation and legal effect shall be governed by the laws of the State of Florida

11. On or about February 20, 2005, Debtors, notwithstanding the requirement that the Contract be submitted to a Florida court for approval, petitioned the Superior Court of the State of California for approval of the Contract, which was a material breach of the Contract, and Debtors made false and/or erroneous statements in the petition, including that "the recording agreement is fair and reasonable and in the best interest of the minor," and that "the appointment of a different individual is not required in the best interest of the minor." A true and correct copy of the Debtors' Petition to Approve Contract of a Minor is attached hereto as Exhibit B.

12. Earlier, on February 8, 2005, Artist was induced by Debtor Pearlman to sign a waiver of notice of any hearing on Debtors' California petition, and a consent to the issuance of an order approving the Contract, incorporated as Exhibit B in the Debtor's Petition to Approve.

13. The California petition was improper because the Artist, who was a minor at the time, did not have an independent guardian ad litem to protect his best interest, nor did Artist reside in California, nor did Debtors have their principal office in the State of California. In support thereof, please find the Affidavit of Aaron Carter attached hereto as Exhibit C.

14. On or about April 20, 2005, the Superior Court of the State of California entered an order (hereinafter "California Order") approving the Contract. A true and correct copy is attached hereto as Exhibit D.

15. In early 2005, upon information and belief, the California court denied the Debtors' motions for approval of the Exclusive Management Agreement with Artist. A true and correct copy is attached hereto as Exhibit E.

16. Pursuant to the California order at paragraph 5(b), Debtor Pearlman's co-manager, Robert Carter, who simultaneously acted as Artist's guardian, was obligated to pay the taxes on the 15% of Artist's gross earnings which were to be set aside in trust pursuant to

California Family Code § 6752(e) and pursuant to the petition at page 3, Paragraph 2 submitted by the Debtor, Trans Con.

17. In or about September 2005, Artist terminated the Exclusive Management Agreement with Debtors Pearlman and LPJE.

18. On December 7, 2005, Artist reached the age of majority.

19. On January 25, 2006, Artist's counsel, Holland & Knight, sent a letter to the Debtors informing them of Artist's attaining majority and requesting all of Artist's agreements and documents. A true and correct copy is attached hereto as Exhibit F.

20. On or about March 6, 2006, Artist's counsel, Holland & Knight, sent another letter to the Debtors requesting documents and information relative to the Contract and disaffirming agreements entered into between Artist and Debtors while Artist was a minor. The entreaties of Artist's counsel were ignored by Debtor Pearlman and the other Debtors. A true and correct copy is attached hereto as Exhibit G.

21. On August 18, 2006, the Superior Court of California ruled that the Debtors' actions, brought there to enforce the Recording Agreement with the Artist, were jurisdictionally improper and granted Artist's motion to dismiss. A true and correct copy is attached hereto as Exhibit H.

22. Subsequently, on or about March 1, 2007, a Chapter 11 Involuntary Petition was filed against the Debtors for bankruptcy protection.

23. Debtors, Pearlman, LPJE and Trans Con, have refused to provide documents, including royalty statements, to Artist that evidence Debtors' wrongful actions taken against Artist without the knowledge, approval or consent of Artist. The Debtors were in default under the Contract pre-bankruptcy petition and continue to be in default to date.

24. As a result of Debtors' default, Artist has suffered unpaid royalties, lost profits, fees, and revenues from lack of performances, album sales, and overall, as a performing artist.

25. If the Debtors assume their obligations under the Contract, the Debtors must promptly cure all existing defaults under the Contract, compensate Artist for pecuniary loss from such default, and provide adequate assurance of future performance under said Contract pursuant to 11 U.S.C. § 365(b).

26. The Debtors may not assign the Contract to a third party without Artist's consent since it is a personal services contract.

27. Under 11 U.S.C. § 365(d)(3), the trustee (the debtor-in-possession) must timely perform all obligations of the Debtor under the Contract until such Contract is assumed or rejected.

28. The Debtors have refused to provide documents, including royalty statements to Artist that evidence Debtors' wrongful actions taken against Artist without the knowledge, approval or consent of Artist. The Debtors were in default under the Contract in March 2007 (pre-bankruptcy petition) and continue to be in default to date in violation of 11 U.S.C. § 365(d)(3).

29. The timely assumption or rejection of the Contract by the debtor-in-possession will clarify the rights and liabilities of both the Debtors and the Artist.

30. Further delay in the Debtors' assumption or rejection of the Contract is causing Artist irreparable harm as he is unable to continue his career as a recording artist.

WHEREFORE, Artist prays as follows:

A. That this Court enter an Order limiting the time in which the Debtors must assume or reject the Contract;

B.  That the Court compel the Debtors' timely performance of the Debtors' obligations under the Contract to produce to Artist any and all contracts, agreements, documents, property, or any other items obtained through or arising from the Contract pursuant to 11 U.S.C. § 365(d)(3);

C.  That the Debtors provide Artist with an accounting of all revenue, including royalties, due to Artist under the Contract, lost profits, fees, and other streams of revenue afforded under the Contract;

D.  That any provision in the Contract that purports to obligate Artist be declared invalid and void ab initio;

E.  That the Debtors receive no monies, collect no revenues, nor enter into any agreements on behalf of Artist pursuant to the Contract; and

F.  That this Court grant such other, further and additional relief as it deems just and proper.

Respectfully submitted,

_____
CLAY M. TOWNSEND, ESQUIRE
Florida Bar No.: 363375
ctownsend@forthepeople.com
KEITH R. MITNIK, ESQUIRE
Florida Bar No.: 436127
kmitnik@forthepeople.com
**MORGAN & MORGAN, P.A.**
20 North Orange Avenue, 16th Floor
Orlando, Florida 32802-4979
PH:    (407) 420-1414
Fax:   (407) 425-8171
*Attorneys for Aaron Carter*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 30, 2007, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants and by mailing a copy of this notice by First Class U.S. Mail, postage prepaid, to: Michael I. Goldberg, Esq., Akerman Senterfitt, Las Olas Centre II, 350 East Las Olas Blvd., Suite 1600, Ft. Lauderdale, FL 33301-2229

_____
Clay M. Townsend