# IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

AARON CARTER,

    Plaintiff,

vs.

LOUIS J. PEARLMAN, TRANS CONTINENTAL RECORDS, INC. And LOUIS J. PEARLMAN ENTERPRISES, INC.

    Defendants.
_____/

CASE NO. 06-CA-4293

## AFFIDAVIT OF AARON CARTER

BEFORE ME, the undersigned authority, this day personally appeared Aaron Carter who, after first being duly sworn, deposes and says:

1. I, Aaron Carter, being duly sworn, depose and say that I am over the age of eighteen (18) years.

2. I reside at in Lake County at 5323 Banana Point Drive, Okahumpka, Florida, 34762.

3. I possess a Florida driver's license, a copy of which is attached hereto as Exhibit A.

4. That on or about February 22, 2005, a Petition to Approve Contract was filed in the Superior Court of the State of California, County of Los Angeles,


EXHIBIT C

Case No. BS095136 (Exhibit B). This Petition was to approve an Exclusive Recording Artist Agreement ("Recording Agreement") between Trans Continental Records, Inc., a Florida corporation, through Louis Pearlman, who at the time was the Chairman of Louis J. Pearlman Enterprises, Inc., also a Florida Corporation.

5. That on or about February 8, 2005, I signed a waiver in the California case, a copy of which is attached to the Petition referenced above, as to any further notice of the hearing on the Petition and it also contained a consent to the issuance of an order of the court approving the Recording Agreement of Aaron Carter.

6. Louis Pearlman told me to sign the waiver of notice and that it did not change anything as far as the Recording Agreement being under Florida law, and he did not explain why he wanted the California approval.

7. I always understood and was told by Pearlman that any dispute regarding whether Recording Agreement would be decided by the Florida courts.

8. That at the time Louis Pearlman asked me to sign the waiver, I had no idea that it meant be heard by a California court as Louis Pearlman told me that the Recording Agreement was not approved unless a Florida court did the approval.

9. I signed many documents at the request of Louis Pearlman and only just learned that no Florida court approval was ever sought or obtained by Louis Pearlman.

10. That at the time I signed the waiver, I had no representation by counsel and relied upon what Louis Pearlman told me because he was my manager.

11. That at the time I signed the waiver, Louis Pearlman, Robert Carter and I were all Florida residents and remain Florida residents as of the present time.

12. That had I known that anything regarding the Recording Agreement would possible be heard in California, I never would have signed the waiver.

13. That I was unaware that my California lawyer had accepted service of the lawsuit filed against me by Louis Pearlman at the time I instructed my Florida lawyers to file a lawsuit in Orlando against Louis Pearlman.

14. That I never conducted or transacted any business with Louis Pearlman or his companies in California at the time of the Petitions, although I did perform in some California venues.

15. That Louis Pearlman has never had a principal office in California to my knowledge. It is in Orlando, Florida.

FURTHER AFFIANT SAYETH NAUGHT.

*Aaron Carter*

STATE OF CALIFORNIA
COUNTY OF Los Angeles

The foregoing instrument was acknowledged before me this __14__ day of __July__, 2006, by AARON CARTER, who is personally known to me or who has produced __drivers license__ as identification and who did take an oath.

__Andrea Joselyn Jalle__
Notary Public
State of California at Large
My Commission Number: 1446718
My Commission Expires: 10/21/07

[Notary Seal: ANDREA JOSELYN JALLE, Commission # 1446718, Notary Public - California, Los Angeles County, My Comm. Expires Oct 21, 2007]

818-632-5870